**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NESTOR MEZA,

    Petitioner,

v.                                    CASE NO. 8:04-CV-2049-T-30TGW
                                              8:03-CR-124-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in the federal penal system proceeding *pro se*, initiated this action by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (CV Dkt. 1). The Government has filed a response to the motion (CV Dkt. 4), and Petitioner has filed a reply thereto (CV Dkt. 5).[1] The matter is now before the Court for consideration on the merits.

**Background**

On June 30, 2003, Petitioner pled guilty pursuant to a negotiated plea agreement (CR Dkt. 78) to one count of possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. §§ 1903(a), 1903(g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (CR Dkt. 98). In his plea agreement, Petitioner expressly waived his right to appeal his sentence:

> . . . directly or collaterally on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. §

---

[1] Petitioner filed a duplicate reply, which was received and docketed on February 2, 2005 (Dkt. 7).

Page 1 of 9

> 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

CR Dkt. 78 at 12. The Petitioner's guilty plea was accepted on July 30, 2003 (CR Dkt. 113), and he was adjudicated guilty. Petitioner was sentenced on October 28, 2003, to a 135- month term of imprisonment, to be followed by a 36-month term of supervised release (CR Dkt. 146). Petitioner's judgment of conviction was entered on October 29, 2003 (CR Dkt. 147). Petitioner did not file a direct appeal.

On September 2, 2004, Petitioner timely filed this § 2255 petition (CR Dkt. 193/CV Dkt. 1). He asserts three ineffective assistance of counsel claims:

1. Counsel failed to properly inform me of my guilty plea, in that I would be held accountable for the amount of drugs that I had no knowledge of, thereby prejuding [sic] my defense;

2. Counsel failed to file written objections to my drug weights, status as a deckhand on a fishing boat who knew nothing of what contraband, . . . These issues made me a minimal participant. . . , yet counsel never argues them or raised the fact that I was a first time offender that should receive the safety valve, as I met all the criteria, thereby prejudicing my defense; and

3. [T]he court advised me of the right to direct appeal my conviction . . . . Counsel never had explained this to me so I knew nothing about it until told by the judge. I immediately stated to counsel that I in fact wanted him to file my direct appeal of my conviction and sentence. Counsel told me that we would talk about it later. Counsel never came to the county jail nor wrote me concerning my appeal . . . and counsel abandoned me.

Dkt. 1 at 5. In response to the Petition, the Government asserts that because Petitioner waived his right to appeal, directly or collaterally, in his plea agreement, his § 2255 motion should be denied (Dkt. 4). For the reasons set forth below, this Court agrees.

**Evidentiary Hearing**

The Court has carefully reviewed the record and concludes that Petitioner is not entitled to an evidentiary hearing. No hearing is required when the record establishes that a § 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991). The Court finds that an evidentiary hearing is not required in this matter. *See Jones v. United States*, 304 F.3d 1035, 1045 n.18 (11th Cir. 2002); *In re Boshears,* 110 F.3d 1538, 1541 n.1 (11th Cir. 1997) (recognizing that "hearing and findings of fact [are] not required for [a] § 2255 motion where 'the files and records of the case conclusively show that the prisoner is entitled to no relief' " (quoting 28 U.S.C. § 2255)). *See also Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. § 2255).

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty

pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

**Discussion**

When Petitioner executed his plea agreement, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. at 266-67. As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived his right to appeal, directly or collaterally, any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed. The waiver includes claims of ineffective assistance of counsel at sentencing. *See Williams*, 396 F.3d at 1342.

In the plea agreement, Petitioner was placed on notice that the drug charge to which he agreed to plead guilty carried a mandatory minimum sentence of ten (10) years imprisonment with a maximum of life imprisonment, a term of supervised release of not

more than five (5) years, and a fine of not more than $4,000,000 (CR Dkt. 78 at 2). Petitioner was only sentenced to a term of 135 months imprisonment (CR Dkt. 146 at 2). The Government did not file an appeal. Thus, Petitioner's waiver of his right to challenge the guidelines sentence is controlling. *See Williams*, 396 F.3d at 1342. *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

> In reply to the Government's response, Petitioner argues that:
>
> [A] knowingly, willing, and voluntary acceptance of plea or appellate waiver was an improbability in this case. Petitioner is an uneducated "Compansino" from the hills of Buena Ventura, Columbia[,] who was chased from his home by Farc Gurillas [sic]. . . .and became involved in this case to feed his family. . . . and wouldn't know a constitutional right if he could cook it and eat it. . . .Despite the appearance of going thorough [sic] the motions of American court's [sic] petitioner understands very little of what happened to him. . . He pled guilty, waived appeal and accepted his sentence without even objecting at the advice of counsel in order not to anger the Court. These waivers were given under the threat of a life sentence . . . . Petitioner only knew that he did not want life to end like this. These waivers were therefore unconstitutional and motivated by fear.

CV Dkt. 5 at 1-2.

The Court finds that a thorough Rule 11 colloquy was conducted including a determination that Petitioner was competent at the time he entered his plea, a detailed review of the terms of the plea agreement, the charges and the consequences of those charges, the rights Petitioner was giving up under the agreement, including the right to appeal, directly or collaterally, the mandatory minimum sentence and maximum sentence, the factual basis for the charges, and the fact that Petitioner was entering his plea voluntarily and knowingly without any threats, force, or coercion, or any promises having been made to him that were not a part of the written plea agreement (CR Dkt. 198). Petitioner acknowledged under oath that he had read the plea agreement and understood the terms set forth therein. *Id.* at 18. When he executed the document, Petitioner certified

that the he had read the agreement and understood the terms thereof. *See* CR Dkt. 78 at 16. The magistrate judge reviewed the appeal waiver provisions of the plea agreement with Petitioner during the Rule 11 colloquy (CR Dkt. 198 at 31-32). Having reviewed the transcript of the Rule 11 colloquy and the plea agreement executed by Petitioner, the Court is satisfied that Petitioner understood the full significance of the waiver.

As regards Petitioner's argument that he did not understand the procedures in the American judicial system, the Court finds that just as arguments of this nature are unavailing to overcome the procedural bar which results when a petitioner files a § 2255 motion out of time, they are equally unavailing where the petitioner is attempting to circumvent the terms of a negotiated plea agreement. In addressing whether a court should consider the merits of a request for federal habeas relief despite the time bar because the petitioner was unlearned in the law and unaware that there was a one-year limitations period for filing a petition for federal habeas relief, the Eleventh Circuit held that "ignorance of available post-conviction remedies cannot excuse a procedural fault." *Towers v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) (citing *McCoy v. Newsome,* 953 F.2d 1252 (11th Cir.), *cert. denied*, 504 U.S. 944 (1992); and *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990)). Furthermore, a petitioner's limited knowledge of the English language is not considered an "extraordinary circumstance" warranting equitable tolling of the limitations period, *see United States v. Montano*, 381 F.3d 1276, 1280 n.5 (11th Cir. 2004) (finding that a language barrier which prohibited petitioner from timely discovering a claim for collateral relief on his own was not a basis for equitable tolling of the limitations period), and the lack of familiarity with the judicial process has been found equally unavailing, *see Helton v. Sec. Dep't of Corr.*, 259 F.3d 1310 (11th Cir. 2001).

Petitioner negotiated an agreement with the Government regarding the disposition of his criminal charges and entered a guilty plea pursuant thereto (CR Dkt. 98). A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and discernment.'" *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted). In *United States v. Jones*, the Eleventh Circuit stated:

> [W]e have consistently considered written plea agreements to be part of the record of the Rule 11 hearing. *See United States v. Hourihan,* 936 F.2d 508, (11th Cir. 1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986). *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence). We hold that where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with [and] [t]he defendant's substantial rights were not violated.

143 F.3d 1417, 1420 (11th Cir. 1998). In this circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant. Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . . . enforceable." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999) (citation omitted). *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

The claims Petitioner asserts in his § 2255 motion do not fall within the exceptions to his appeal waiver, which would have permitted him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed in violation of law apart from the sentencing guidelines (CR Dkt. 78 at 12). *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (court will enforce waivers of appeal if made knowingly and voluntarily).

Statements by a defendant at the Rule 11 proceedings are accepted as conclusive unless he reasonably alleges why this should not be so. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1997). Petitioner fails to meet this burden. There is nothing in the record to overcome the persuasive evidence of Petitioner's statements at the plea hearing. Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing. *See Bushert*, 997 F.2d at 1350.

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain – the conspiracy charge was dismissed (CR Dkt. 146). The Government is likewise entitled to the benefit of its bargain. Petitioner was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

**Conclusion**

Having reviewed the record, arguments presented by the parties, applicable statutes, and controlling case law in this circuit, the Court finds that by virtue of his guilty plea and sentencing appeal waiver, Petitioner has waived his right to seek collateral relief under § 2255.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (CV Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

SA:jsh